Filed 7/15/13  P. v. Hensley CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057338 |
| v. | (Super.Ct.No. FVI1201823) |
| JOSHUA OSCAR LEE HENSLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# INTRODUCTION

On July 17, 2012, a felony complaint charged defendant and appellant Joshua Oscar Lee Hensley with vandalism causing over $400 in damage (Pen. Code, § 594, subd. (b)(1), counts 1, 2, 3); second degree commercial burglary (Pen. Code, § 459, count 4); receiving stolen property with a value not exceeding $950 (Pen. Code, § 496, subd. (a), a misdemeanor, count 5); and possession of metal knuckles (Pen. Code, § 21810, count 6). As to count 1, the complaint included a special allegation pursuant to Penal Code section 422.75, subdivision (a). The complaint also charged codefendant Craig Jacob Hager with counts 2 and 5.

On August 23, 2012, pursuant to a plea agreement, defendant pled guilty to count 1 (vandalism) and count 4 (second degree commercial burglary). The parties agreed to a county prison term of 16 months. The parties also agreed to "joint and several" restitution with codefendant Hager in the amounts of $1,243.74 and $499.25, and to a *Harvey*[1] wavier. After defendant pled guilty, the trial court granted the prosecutor's motion to dismiss the remaining counts. The trial court sentenced defendant according to the terms of the plea agreement: 16 months in county prison as to count 1 and 16 months as to count 4, to run concurrent to count 1. The trial court also ordered restitution pursuant to the plea agreement.

On October 12, 2012, defendant filed a timely notice of appeal. On the same date, defendant's request for a certificate of probable cause was denied by the trial court.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

2

On November 14, 2012, we approved a stipulation between the parties amending defendant's notice of appeal to cover only his sentence or other matters occurring after the plea.

## STATEMENT OF FACTS[2]

Early in the morning of July 15, 2012, someone hurled a rock through the glass front door of Baker's Drive Thru in Hesperia. Around the same time, someone threw a rock through a front window of a nearby restaurant, Beef O' Brady's. Police discovered a swastika, the number "760," and the word "Casper," written in the dust on Beef O' Brady's two front doors. The police also found fingerprints on the door near the writing.

Across the street, a man threw a heavy metal trash basket against the glass front door of another restaurant, Juice It Up. The door shattered. Another man placed a pair of gray extra-large Hanes boxer briefs, covered with fecal matter, on the handle of Juice It Up's front door. And a third man knocked over a large potted plant in front of the restaurant. Surveillance footage from Juice It Up's security cameras captured the three incidents and showed the three men walking together afterwards.

The next day, the manager of a nearby Motel 6 called police because she believed that three motel guests may have vandalized local businesses, all of which were within one block of the motel. The manager showed San Bernardino County Sheriff's Deputy

---

[2] The statement of facts is taken from the police reports. The parties stipulated that the trial court could consider the police reports and felony complaint to find a factual basis for defendant's guilty plea.

McCurdy surveillance video footage showing three men walking down the motel's hallways the day before.

With the help of a sheriff's service specialist, Deputy McCurdy compared the motel's footage to digital, still photographs captured from surveillance video recorded at Beef O' Brady's and Juice It Up. The deputy identified defendant in both the motel's video and Beef O' Brady's video. Deputy McCurdy also concluded that codefendant Hager—defendant's cousin—matched the description of one of the other men in the Juice It Up surveillance video. The deputy identified the third man in the Motel 6 footage as Michael King, who was shown in the surveillance video from Juice It Up and from a surveillance video allegedly showing a burglary at an AM/PM store.

The motel manager directed Deputy McCurdy to the motel room where the three men were staying. The deputy knocked on the motel room door several times; no one answered. The deputy, however, heard people moving around inside the room and pushing up against the door. Deputy McCurdy opened the door to the room with a key provided to him by the manager.

As the deputy walked into the room, he discovered two new pairs of running shoes with their security tags removed and lying in their boxes. Defendant said that they had just purchased the shoes. The deputy also found a pair of metal knuckles lying near defendant's backpack and other belongings. Defendant told the deputy that the knuckles used to be a belt buckle. When Hager was asked about the whereabouts of King, Hager replied that he had kicked King out of the room for stealing beer from AM/PM and

4

bringing it back to the motel room. Hager stated that the beer was in the room's refrigerator.

Deputy McCurdy arrested defendant and read him his rights under *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*). Defendant told the deputy that although he had been present when the windows were broken, King was the person who broke the windows. Defendant also said that the window at Beef O' Brady's was broken in an effort to steal several televisions that were inside, and he admitted stealing the two pairs of running shoes from a Marshall's store. Defendant also told the deputy that the beer had been stolen by King.

Hager was also arrested and read his rights under *Miranda*. Hager told Deputy McCurdy that defendant stole the shoes from Marshall's. When the deputy asked Hager if he knew anyone by the name of "Casper," Hager replied that it was defendant's nickname. Also, the deputy noted that defendant's name was saved as "Casper" in Hager's telephone. Hager denied being present during the vandalisms.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

5

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


CODRINGTON
J.

6